IN THE UNITED STATES DITRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE, ABINGDON DIVISION

| | | |
|---|---|---|
| CAROLYN STOOTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC | ) | |
| CAVALRY SPV I, LLC and | ) | |
| KRAMER, LINKIE & TAYLOR, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and the Plaintiff resides here.

### PARTIES

4. Plaintiff Carolyn Stoots (hereinafter "Plaintiff") is a natural person who resides in Washington County, Virginia, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry Portfolio Services, and Defendant Cavalry SPV I, LLC (hereinafter referred to collectively as "Cavalry") are "debt collector[s]" as that term is defined by 15 U.S.C. § 1692a(6) and for-profit corporations and may be served through its registered agent as follows: CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, VA 23060.

6. Defendant Kramer, Linkie & Taylor, LLC, (hereinafter "Defendant Kramer") is a law firm and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its registered agent as follows: CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, VA 23060.

7. Defendant Kramer is hired by and assists Defendant Cavalry in collecting its debts and in filing State Court lawsuits against consumers. Defendant Kramer is an agent of Defendant Cavalry.

8. Defendant Cavalry and Defendant Kramer may at times be referred to, collectively, as "the Defendants."

## FACTUAL ALLEGATIONS

9. Defendant Cavalry retained Defendant Kramer to attempt to collect a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to, or serviced by, HSBC Bank Nevada N.A., or their assignees.

10. Defendant Kramer, acting as an agent for Defendant Cavalry, has made numerous attempts to collect this debt against Plaintiff.

11. On May 1, 2012, Defendant Kramer filed a State Court Collection Lawsuit against Plaintiff on behalf of Defendant Cavalry.

12. Plaintiff retained counsel to defend against the Collection Lawsuit. Counsel for Plaintiff appeared at the initial hearing on June 25, 2012 and was noted as counsel of record by the State court, in the presence of local counsel for Defendants.

13. Despite the fact that Plaintiff was represented by counsel, Defendants, in a letter dated July 9, 2012, but postmarked July 19, 2012 (see Attached Exhibit 1 and 1A), proposed a settlement of the alleged account to Plaintiff and attached a proposed "Consent Judgment Order" (see Attached Exhibit 2).

14. The July 9, 2012 letter and Consent Judgment Order was a communication with Plaintiff, a consumer, who was represented by an attorney, in connection with the collection of a debt, and without the consent of Plaintiff's attorney, in violation of 15 U.S.C. § 1692c(a)(2).

15. On July 17 at approximately 11:25 a.m., an agent of Defendant Kramer called Plaintiff with an automated message asking her to call, indicating that it was an attempt to collect a debt. This was done after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2).

16. Plaintiff contacted an agent with Defendant Kramer on July 17th at the number indicated in the message and informed the individual that she had retained counsel, gave the individual contact information for her counsel, and requested not to be contacted again.

17. On July 19, 2012, Defendant Kramer filed a Bill of Particulars with the State Court in the Collection Lawsuit it had filed against Plaintiff. Defendant Kramer sent a copy of the Bill of Particulars to Plaintiff rather than to Plaintiff's counsel. This too was a communication with a represented party in violation of 15 U.S.C. § 1692c(a)(2).

18. On July 21 at approximately 11:12 a.m., Defendant Kramer again called with an automated message asking Plaintiff to contact Defendant Kramer, indicating that it was an attempt to collect a debt. This too was done after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2).

19. On July 24 at approximately 4:24 p.m., Defendant Kramer again called with an automated message asking Plaintiff to contact an individual with the last name Hines, indicating that it was an attempt to collect a debt. This communication likewise was made after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2).

20. Plaintiff called the number indicated in the message and spoke to an agent whom she believes to be Hines. Plaintiff informed agent Hines that she had retained counsel, provided contact information for counsel, and asked the agent not to call her again.

21. On July 30, 2012 at approximately 6:50 p.m., Anthony, an Account Manager for Defendant Kramer called Plaintiff. This communication occurred after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2).

22. Plaintiff again returned the phone call to the number indicated in the message and spoke to Anthony, an agent of Defendant Kramer, and informed him that she had retained counsel and not to contact her again.

23. On August 4, 2012 at approximately 9:30 a.m., Defendant Kramer again called Plaintiff with an automated message asking her to contact an individual with the last name Richardson, indicating that it was an attempt to collect a debt. This communication occurred after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2).

24. On August 6, 2012 at approximately 2:17 p.m., Mr. Woods, an agent for Defendant Kramer called Plaintiff. Plaintiff informed Mr. Woods that she had retained counsel and for him to contact her counsel. Mr. Woods told Plaintiff "no, we still needed to talk to you about working this out." Plaintiff informed Mr. Woods that he needed to speak to her attorney, however, Mr. Woods was still persistent in trying to get Plaintiff to make a payment on the alleged account. Mr. Woods persisted in this effort until Plaintiff hung up the phone.

25. This August 6, 2012 communication occurred after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2). The substance of the communication was conduct, the natural consequences of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

26. On August 10, 2012 at approximately 10:04 a.m., Anthony, as an agent of Kramer, called again and left Plaintiff a message in an attempt to collect a debt. Plaintiff believes this was the same "Anthony" whom she informed not to call again and that she had retained counsel.

27. The August 10, 2012 communication occurred after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2). The continued attempts by "Anthony" to collect this debt after being informed not to call and to contact Plaintiff's counsel was conduct, the natural consequences of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

28. On August 18, 2012 at approximately 10:08 a.m., Defendant Kramer again called via an automated message, leaving a message on Plaintiff's voicemail to call an agent by the last name of Sportman. This communication occurred after Plaintiff had retained counsel and was a violation of 15 U.S.C. § 1692c(a)(2).

29. The repeated and persistent nature of the telephone calls placed in an attempt to collect a debt or settle a pending lawsuit, after being informed that Plaintiff had retained counsel to handle the matter and did not wish to speak to them about it, was conduct, the natural

consequences of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

30. By repeatedly and persistently calling Plaintiff at her home, Defendant Kramer violated 15 U.S.C. § 1692d(5) by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass" Plaintiff.

### ACTUAL DAMAGES

31. Plaintiff has suffered actual damages as a result of these illegal communications, lawsuits and collection attempts by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions. Plaintiff has suffered from severe emotional distress as a result of the illegal collection activities of Defendants. This emotional distress has caused or contributed to problems with Plaintiff's physical and mental well-being and has caused Plaintiff to seek medical and mental health treatment and medication.

32. Further, Plaintiff has incurred actual damages in the form of medical bills and other expenses with regard to her medical treatment.

### RESPONDEAT SUPERIOR LIABILITY

33. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Kramer and its agents, all acting as agents for Defendant Cavalry, and who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principals, Defendant Cavalry.

34. The acts and omissions by Defendant Kramer and its agents were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Cavalry in collecting consumer debts.

35. By committing these acts and omissions against Plaintiff, Defendants Kramer and its agents were motivated to benefit their principals, Defendant Cavalry.

36. Defendant Cavalry is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Cavalry including, but not limited to, the above cited violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## DEMAND FOR TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692 et seq.

38. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

40. As a result of Defendants' multiple violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

Respectfully submitted,

CAROLYN STOOTS

/s/Brandon Snodgrass, Esq.
Virginia State Bar ID # 47894
Attorney for Plaintiff
P. O. Box 1417
Abingdon, VA 24212
(276) 676-2660
bsnodgrass@snodgrasslawfirm.com

/s/Matthew L. Felty, Esq.
Virginia State Bar ID # 74873
Attorney for Plaintiff
P. O. Box 1417
Abingdon, VA 24212
(276) 676-2660
mfelty@snodgrasslawfirm.c